CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
PKP
JAN 2 3 2009
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SCOTT GELLNER, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:08-cv-00442 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| LOUIS KIRK NAGY, et al., | ) | By: Jackson L. Kiser |
|     Defendants. | ) | Senior United States District Judge |

Scott Gellner, a Virginia inmate proceeding pro se, filed this civil rights action, pursuant to 42 U.S.C. § 1983 with jurisdiction vested under 28 U.S.C. § 1343, alleging that the defendants violated his First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendment rights. Upon consideration of Gellner's complaint, I find that this action must be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted.

I.

Gellner is currently incarcerated at Northwestern Regional Jail in Winchester, Virginia. Gellner alleges that Assistant Commonwealth Attorney Nagy maliciously prosecuted him for "construction fraud" and "obtain[ing] money by false [pretense]." Gellner claims that the County of Rockingham and the City of Harrisonburg's negligent and reckless hiring, training, supervision, and retention policies proximately caused his loss of liberty, legal costs, emotional distress, humiliation, outrage, damage to reputation, loss of employment, "and other damages to be proven at trial." (Compl. 3-4.) Gellner also sues the defendants for Virginia common law torts of false arrest; false imprisonment; negligent, reckless, and intentional inflictions of emotional distress; outrage; defamation; and malicious prosecution. Id. at 4. Gellner seeks an injunction to prevent the defendants from "further acts depriving plaintiff and others of their civil rights [by] subjecting them [to] false arrest and malicious prosecution[,] [to] drop case N[umber]

CR07-38253 with prejudice[,]" and to direct the plaintiffs "to adhere to the United States Constitution." Id. at 5. Gellner also seeks $9,999.99 in compensatory damages and $1,000,000 in punitive damages. Id.

Gellner filed this suit on July 28, 2008, and the Magistrate Judge directed Gellner to amend his complaint by the order dated October 15, 2008 (docket #3). The order granted Gellner the opportunity to proceed in forma pauperis if he supplied the Clerk of the court with a certified copy of his inmate trust fund account and signed a statement of assets on forms provided to him. The order also informed Gellner that he failed to state a claim under § 1983 against anyone and granted him ten days to amend his complaint to correct the deficiencies. The last sentence in the section directing Gellner to amend his complaint stated, "**FAILURE TO AMEND THE COMPLAINT WITHIN TEN (10) DAYS FROM THE DATE OF THIS ORDER TO CORRECT THE NOTED DEFICIENCIES, SHALL RESULT IN DISMISSAL OF THE COMPLAINT FOR FAILURE TO STATE A CLAIM**[.]" (Conditional Filing Order (docket #3) 3) (original emphasis).

Gellner mailed the verified financial forms back to the Clerk of the court on October 24, 2008. However, Gellner did not correct the deficiencies in his complaint and several months have passed. Therefore, I will consider the merits of Gellner's original complaint.

II.

The Fourth Amendment guarantees people's right to be free from prosecution without probable cause. Lambert v. Williams, 223 F.3d 257, 261 (4th Cir. 2000). A Fourth Amendment claim that a government official took actions that encouraged the decision to prosecute the plaintiff without probable cause is actionable under § 1983. Id. at 262. A Fourth Amendment

2

claim of malicious prosecution incorporates the elements of common law malicious prosecution: (1) the initiation or maintenance of a proceeding against the plaintiff by the defendant; (2) termination of that proceeding favorable to the plaintiff; (3) lack of probable cause to support that proceeding; and (4) the defendant's malice. Id. Gellner did not allege or show that the proceedings against him have been terminated in his favor nor that Nagy maliciously prosecuted Gellner. Accordingly, I will dismiss Gellner's Fourth Amendment claims against defendant Nagy. To the extent Gellner attempts to sue for malicious prosecution under Virginia law, I decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c).

As to the remaining defendants, local governing bodies, such as counties and cities, are "persons" who can be sued under § 1983 for monetary, declaratory, and injunctive relief when the alleged unconstitutional action executes governmental policy or custom. Monell v. Dep't. of Soc. Services, 436 U.S. 658, 690-91 (1978). To establish liability, Gellner must show that the local government's policies have caused a constitutional violation. McMillian v. Monroe County, 520 U.S. 781, 784 (1997). Gellner, however, did not establish any constitutional violation by the defendants. Gellner failed to plead any facts to support his claims under the First, Fifth, Eighth, Ninth, and Fourteenth Amendments. Gellner broadly asserted that the defendants violated these constitutional rights, but he included unexplained legal terminology without offering any substantial factual allegations to support his legal conclusions. Therefore, Gellner fails to state a claim upon which relief may be granted. To the extent Gellner attempts to sue for common law torts under Virginia law, I decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c). Accordingly, I dismiss Gellner's complaint, pursuant to 28 U.S.C. § 1915A(b)(1).

III.

For the reasons stated, Gellner's complaint must be dismissed for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the plaintiff and to counsel of record for the defendants, if known.

ENTER: This 23rd day of January, 2009.

*/s/ Jackson L. Kiser*
Senior United States District Judge

4

Case 7:08-cv-00442-JLK-mfu   Document 6   Filed 01/23/09   Page 4 of 4   Pageid#: 30